Etan Z. Lorant, Esq., SBN: 108820
LAW OFFICES OF ETAN Z. LORANT
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
(818) 990-3990

Attorneys for Plaintiff,
MICHAEL SALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL SALES,

            Plaintiff,

vs.

COUNTY OF VENTURA; CITY OF
THOUSAND OAKS, a Municipality;
SGT. BRIAN SLOMINSKI; and
DOES 1 THROUGH 10,
INCLUSIVE,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: CV 15-3101 PSG (PLAx)

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

- 42 U.S.C. § 1983
- 42 U.S.C. § 1985
- 42 U.S.C. § 1988
- Unconstitutional Policy
- Violation of Fourth, Fifth and Fourteenth Amendment of United States Constitution
- Negligent Retention, Hiring, Training, Supervising
- California Civil Code §§ 51.7, 52 and 52.1
 - Unruh Act
 - False Imprisonment
 - False Arrest
 - Unlawful Search and Seizure
 - Retaliation
 - Harassment
 - Intentional Infliction of Emotional Distress
 - Violation/Deprivation of Civil Rights Under Color of Law
 - Negligence

-1-

PLAINTIFF MICHAEL SALES , HEREINAFTER REFERRED TO AS "Plaintiff", FILES THIS FIRST AMENDED COMPLAINT AND ALLEGES AS FOLLOWS FOR HIS CLAIMS FOR RELIEF HEREIN:

# I

## JURISDICTION

1. This is an action for deprivation of civil rights under color of state law brought pursuant to Title 42 United States Code Section 1983, for remedies for Defendants' deprivation of Plaintiff's civil rights. By this action, Plaintiff seeks all relief to which he may be entitled, under both state and federal laws, including but not limited to compensatory and punitive damages, attorneys' fees and costs, and prejudgment interest. Jurisdiction of the subject matter of this action is established in this court pursuant to 28 U.S.C. Sections 1331 and 1343, and over supplemental claims for relief arising under state law pursuant to 28 U.S.C. Section 1367(a).

# II

## VENUE

2. Venue lies in this Court pursuant to 28 U.S.C. Section 1391(b)(1) & (2).

# III

## CLAIMS FOR RELIEF

3. At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Ventura, State of California.

4. Plaintiff is informed and believes and based thereon alleges that, at all times herein mentioned, Defendant COUNTY OF VENTURA is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California and was responsible for hiring, training, and supervising the conduct, policies and practices of its employees and

-2-

agents of the Ventura County Sheriff's Department, and all of its
employees.

5. Plaintiff is informed and believes and based thereon alleges that, at all
times herein mentioned, Defendant CITY OF THOUSAND OAKS  is
and was a public entity and municipal corporation, duly organized and
existing under and by virtue of the laws of the State of California.
Plaintiff is informed and believes and based thereon alleges that
Defendant CITY OF THOUSAND OAKS contracts police services with
Defendant COUNTY OF VENTURA under the name of the "Thousand
Oaks Police Department" and was responsible for hiring, training, and
supervising the conduct, policies and practices of its employees and
agents of the Ventura County Sheriff's Department/Thousand Oaks
Police Department, and all of its employees.

6. Plaintiff is informed and believes, and based thereon alleges that
Defendant SGT. BRIAN SLOMINSKI is a natural person, Defendant
GREGG WEBB, PREVIOUSLY NAMED AS "Doe 4' is a natural
person. Plaintiff is informed and believes, and based thereon alleges that
and Does 5 -10 are natural persons. Defendant SGT. BRIAN
SLOMINSKI is and was a supervisor at the Ventura County Sheriff's
Department.

7. Plaintiff is informed and believes and based thereon alleges that at all
times herein mentioned, Defendants and DOES 5 through 10, inclusive,
are sued individually and in their official capacity as officers, detectives,
sergeants, captains, commanders, supervisors, and/or civilian employees,
and agents, policy makers and representatives for the Ventura County
Sheriff's Department/Thousand Oaks Police Department, a department
and subdivision of Defendants COUNTY OF VENTURA and CITY OF
THOUSAND OAKS.

-3-

8. Plaintiff is unaware of the true names and/or capacities of Defendants sued as Does 1 through 3 and Does 5 through 10, inclusive, and, therefore, sue said Defendants by such fictitious names. Plaintiff will amend this complaint, by leave of the court if necessary, to allege their true names and/or capacities when ascertained. Plaintiff is informed and believes and based thereon alleges, that Defendants Does 1 through 3 and Does 5 through 10, inclusive, and each of them, were the agents and servants of the other Defendants and at all times were acting, within the scope of said agency and are jointly obligated with the remaining Defendants.

9. Plaintiff has complied with all applicable statutes by filing the Claim for Damages or Injury on March 2, 2015 with the County of Ventura and City of Thousand Oaks (Attached herewith as Exhibit "A" and incorporated herein by this reference, are conformed copies of the Claims.) The Claims were denied on March 9, 2015 by County of Ventura and on March 20, 2015 by City of Thousand Oaks. (Exhibit "B".)

## IV
## STATEMENT OF FACTS

10. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 9, inclusive, as if set forth in full here.

11. On or about December 31, 2014, at or about 7:00 a.m., Plaintiff was inside his residence located at 884 Old Farm Road, Thousand Oaks, California. Plaintiff was leasing the house from Mr. John Flynn. At or about 7:30 a.m. in the morning, Plaintiff heard a loud banging on his front door which had several locks. Plaintiff went to his door to find out

-4-

FIRST AMRNDED COMPLAINT FOR DAMAGES    CV 15-3101 PSG (PLAx)

who was banging on his door and was informed that it was the Ventura County Sheriff's Department. Plaintiff informed the deputies that he needs to find the key to unlock the door. The deputies kept banging on the door while Plaintiff was looking for the key. Plaintiff was unable to find the key for the front door, therefore, he opened the garage to exit the property and talk to five (5) deputies. About ten (10) deputies, names unknown, ran inside the house with their guns drawn and handcuffed Plaintiff without questioning him.

12. When Plaintiff asked the deputies why he was being detained and why his house was being searched, Plaintiff was informed that they had a search warrant for John and Brandon Flynn. Plaintiff informed the deputies that they were in the wrong house. John and Brandon Flynn did not live in that house and he was not John Flynn. Plaintiff showed the deputies his identification and the lease agreement proving that he was not the person on the search warrant which he was never provided with.

13. Although the deputies knew that John and Brandon Flynn did not reside at that property, they kept Plaintiff detained and continued searching his house. Plaintiff asked for water and was deprived of water. After deputies completed their search, they released Plaintiff and provided him with the property receipt which showed that they took a paintball gun which belonged to Plaintiff's son and a garage door receipt with "John Flynn" name on it.

14. On December 31, 2014, Defendants unlawfully entered onto Plaintiff's property, damaged Plaintiff's property, unlawfully detained, falsely imprisoned, falsely arrested Plaintiff and violated Plaintiff's civil rights.

15. The above referenced acts and omissions of Defendants and each of them, were conducted in their law enforcement capacity in violation of

-5-

FIRST AMRNDED COMPLAINT FOR DAMAGES      CV 15-3101 PSG (PLAx)

Plaintiff's Fourth, Fifth and Fourteenth Amendments under 42 U.S.C. § 1983.

16. As a result of the above described acts and omissions of Defendants and each of them, Plaintiff suffered emotional distress and mental suffering, humiliation and indignity, false arrest and imprisonment, unlawful detention, loss of liberty, stress and loss of standing in the community, the exact amount of which will be determined at trial.

### INJURIES TO PLAINTIFFS

17. As a result of the conduct of the Defendants as stated above, Plaintiff has suffered and will continue to suffer physical and emotional distress and injuries, humiliation and indignity, shock and fear from removal from familiar surroundings, indignity from detention, imprisonment, arrest, and search, physical consequences, loss of liberty, loss of income, stress, and loss of standing in the community.

### V

### FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – MONELL CLAIM and 42 U.S.C. § 1988)

**BY PLAINTIFF AGAINST DEFENDANTS COUNTY OF VENTURA, CITY OF THOUSAND OAKS AND DOES 1 THROUGH 3, INCLUSIVE**

18. Plaintiff refers to and incorporates by reference the allegations in Paragraphs 1 through 17, inclusive, as if set forth in full here.

19. Defendants COUNTY OF VENTURA, CITY OF THOUSAND OAKS and Does 1 through 3, inclusive, are alleged to have maintained a policy permitting the occurrence of the type of wrongs described herein, and based on the principal set forth in <u>Monell vs. New York City Department</u>

-6-

of Social Services (1978) 436 U.S. 648 and Heller vs. Bushey (9th Cir.
1985) 759 F.2d 1371, are liable for all injuries sustained by Plaintiff.

20. Plaintiff's civil rights were violated under 42 U.S.C. § 1983 when
Plaintiff was unlawfully detained, falsely imprisoned, falsely arrested,
and his residence was unlawfully searched.

21. In perpetrating the above referenced acts and omissions, the Defendant
COUNTY OF VENTURA, hereinafter referred to as "County", was at all
relevant times herein a government entity, CITY OF THOUSAND
OAKS, hereinafter referred to as "City", was at all relevant times herein,
a municipality, who contracts police services with the COUNTY OF
VENTURA, Ventura County Sheriff's Department was a department and
subdivision of Defendant COUNTY OF VENTURA and Does 5 through
10, inclusive were at all times herein mentioned agents/employees of
Defendants COUNTY OF VENTURA, CITY OF THOUSANC OAKS,
VENTURA COUNTY SHERIFF'S DEPARTMENT and Does 1 through
3, inclusive.

22. Defendants, County, City and Does 1 through 3, inclusive, have
maintained a policy or custom of a) making unlawful detention and/or
arrest; (b) improperly disciplining agents/employees of the County of
Ventura and City of Thousand Oaks; (c) improperly investigating
complaints of wrong-doing by agents/employees of the Ventura County
Sheriff's Department; (d) improperly selecting, training, and supervising
agents/employees of the Ventura County Department.

23. The acts set forth herein constitute a policy, practice, or custom of
ordering, ignoring, encouraging, causing, tolerating, sanctioning and/or
acquiescing in the violation by Defendants County and City employees,
namely employees within Ventura County Sheriff's Department, of the
constitutional rights of employees on matters of public concern.

-7-

24. The acts and failures to act as alleged herein also result from a custom, practice or policy of inadequate training in a deliberate indifference of the rights of employees who speak out on matters of public concern, and the injuries suffered by Plaintiff as alleged herein were caused by such inadequate training and supervision.

25. Defendants and Does 1 through 3, inclusive, are policy-makers for Defendants County and City and Does 1 through 3, inclusive.  The acts and failures to act as alleged herein were done pursuant to policies and practices instituted and enforced by Defendants and Does 1 through 3, inclusive, pursuant to their authority as a policy-maker for Defendants County and City and Does 1 through 3, inclusive.

26. Therefore, Defendants County and City and Does 1 through 3, inclusive, are liable for Plaintiff's injuries pursuant to 42 U.S.C. § 1983 and Monell vs. Department of Social Services, 436 U.S. 658 690, 694 (1978), Karim-Panahi vs. Los Angeles Police Department, 839 F.2d 621 (1988); see also, Leatherman vs. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993) (rejecting application of heightened pleading standard in municipal liability cases).

27. As a result of the above described intentional acts and omissions of the Defendants and each of them, Plaintiff's constitutional rights, that is, the Fourth, Fifth, and Fourteenth Amendments were violated when Plaintiff was unlawfully detained, falsely imprisoned, and falsely arrested.

28. The above referenced acts and omissions of Defendants and each were conducted in their law enforcement capacity.

29. As a result of the acts and omissions of Defendants and Does 1 through 3, inclusive, are liable for Plaintiff's injuries under the 42 U.S.C. § 1983 and Monell vs. Department of Social Services, 436 U.S. 658, 690, 694 (1978), Karim-Panahi vs. Los Angeles Police Department, 839 F.2d 621

-8-

(1988); see also <u>Leatherman vs. Tarrant County Narcotics Intelligence &</u>
<u>Coordination Unit</u>, 507 U.S. 163 (1993) (rejected application of
heightened pleading standard in municipal liability cases).

30. As a result of the wrongful acts of Defendants and Does 1 through 3,
inclusive, Plaintiff has suffered physical and emotional distress and
injuries, humiliation, shock and fear from removal from familiar
surroundings, indignity from arrest, search, physical consequences, loss
of liberty, stress, and loss of standing in the community, the exact amount
of which will be determined at trial.  Accordingly, Plaintiff seeks
compensation from above Defendants, including attorneys' fees, pursuant
to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**

**<u>VIOLATION OF FOURTH, FIFTH AND FOURTEENTH AMENDMENT</u>**

**<u>OF UNITED STATES CONSTITUTION</u>**

**<u>42 USC §§ 1983, 1985 AND 1988</u>**

**<u>BY PLAINTIFF AGAINST ALL DEFENDANTS</u>**

31. Plaintiff refers to and incorporates by reference the allegations of
Paragraphs 1 through 30, inclusive, as if set forth in full herein.

32. This cause of action arises under Title 42 United States Code, §§ 1983,
1985, and 1988 wherein Plaintiff seeks to redress deprivation under color
of state law of a right privilege or immunity secured under the Fourth
Amendment and/or Fifth Amendment and/or Fourteenth Amendment.

33. Plaintiff is informed and believes and thereby alleges that at all times
mentioned herein, Defendants Sgt. Brian Slominski and Does 4 through
10, inclusive, and each of them, were duly appointed, qualified and
acting Ventura County Sheriff's Department agents/employees, in the
County of Ventura, City of Thousand Oaks, State of California, and that
at all times mentioned herein, were acting within the course and scope of

-9-

such employment for Defendants County, City, Ventura County Sheriff's Department and Does 1 through 3, inclusive, under the color of state law.

34. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, said Defendants and each of them deprived Plaintiff of his rights in violation of the Fourth, Fifth and Fourteenth Amendment when said Defendants unlawfully searched Plaintiff's property and unlawfully detained, falsely imprisoned and arrested Plaintiffs on December 31, 2014.

35. Defendants and Does 1 through 10, inclusive, and each of them, failed and refused to intervene or try to prevent the wrongful conduct of the other.

36. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff was injured, and by reason thereof, Plaintiff claims damages from Defendants, and each of them, in a sum to be determined by this Court.

37. The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction injury upon the Plaintiff.  This was done with reckless, wanton and callousness of Plaintiff's civil rights and by reason thereof.  Plaintiff claims exemplary and punitive damages from Defendants Does 1 through 10, inclusive, in a sum determined by this Court, to deter, prevent and educate said Defendants from ever inflicting such injuries again upon any individual.

38. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff retained attorneys to represent him and did incur and continue to incur investigation costs, expenses, attorney's fees, and

FIRST AMRNDED COMPLAINT FOR DAMAGES          CV 15-3101 PSG (PLAx)

legal costs.  Plaintiff requests payment by Defendants, and each of them, for compensation of fees and costs pursuant to Title 42 USC § 1988.

### THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL CODE §§ 51.7 AND 52
### BY PLAINTIFF AGAINST ALL DEFENDANTS

39. Plaintiff realleges and incorporates by reference Paragraph 1 through 38, inclusive, as though fully set forth herein.

40. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them, violated California Civil Code Section 51.7 and wrongfully denied Plaintiff his rights within the meaning of California Civil Code Section 52(b) by inflicting violence and conspiring to, aiding, and infliction of violence against Plaintiff by reason of his race, socio-economic status, and/or ethnic heritage or by attempting to inflict such injury.

41. By reason of the Defendants' conduct, Defendants are liable to Plaintiff in the amount of twenty-five thousand dollars ($25,000.00) and triple the damages proven at trial.

### FOURTH CAUSE OF ACTION
### FALSE ARREST AND FALSE IMPRISONMENT
### BY PLAINTIFF AGAINST ALL DEFENDANTS

42. Plaintiff incorporate by reference the allegations of Paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. On or about December 31, 2014, Plaintiff was falsely arrested and falsely imprisoned without probable cause.

44. The act of Defendants and Does 1 through 10, inclusive, and each of them, as herein alleged, were willful, wanton, malicious and oppressive

-11-

and justify the awarding of punitive damages in an amount to be
determined by the court according to proof against all Defendants, except
Defendants County and City.

## FIFTH CAUSE OF ACTION
## NEGLIGENT RETENTION, HIRING, TRAINING AND SUPERVISING
## BY PLAINTIFF AGAINST DEFENDANTS COUNTY, CITY OF LOS
## ANGELES, AND DOES 1 THROUGH 3, INCLUSIVE

45. Plaintiffs incorporate by reference the allegations of Paragraphs 1
through 44, inclusive, as if set forth in full herein.

46. Plaintiff is informed and believes and thereon alleges, that doing the acts
as heretofore, alleged, Defendants County, City and Does 1 through 3,
inclusive, knew or in the exercise of reasonable diligence should have
known, that Defendants Does 4 through 10, inclusive, were incompetent
and unfit to perform the duties for which they were employed, and that an
undue risk to persons such as Plaintiff would exist because of the
employment.

47. Despite the advance knowledge, Defendants County, City, and Does 1
through 3, inclusive, retained Defendants Does 4 through 10, inclusive,
as employees in disregard of the rights and safety of others.  As a result
of this disregard of the right of Plaintiff, Plaintiff is entitled to award of
punitive damages from the Ventura County Sheriff's Department and
Does 1 through 3, inclusive, in an amount to be determined by this court
according to proof.

48. Defendants County, City and Does 1 through 3, inclusive, are alleged to
have knowingly, with gross negligence and/or deliberately and
indifferently to the constitutional rights of persons within the jurisdiction
of the State of California, maintained or permitted a policy or custom of

-12-

permitting the occurrence of the type of wrongs described herein, and are liable for all injuries sustained by Plaintiff.

49. Defendants County, City and Does 1 through 3, inclusive, have maintained a policy or custom of (a) improperly disciplining their agents/employees; (b) improperly investigating complaints of wrong-doing by their agents/employees; (c) improperly selecting, training, and supervising their agents/employees; (d) improperly retaining their agents/employees.  Through this policy or custom, Defendants County, City and Does 1 through 3, inclusive, have ratified the conduct of Defendants Does 4 through 10, inclusive.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY PLAINTIFF AGAINST ALL DEFENDANTS

50. Plaintiff refers to and incorporates by reference the allegations of Paragraphs 1 through 49, inclusive, as if set forth in full herein.

51. As a result of the act of Defendants, and each of them, toward Plaintiff, Plaintiff suffered false arrest and false imprisonment.  The conduct of all Defendants was outrageous conduct with the intent to cause emotional distress of a severe nature and this conduct did cause emotional distress to Plaintiff.  Defendants, and each of them, are responsible for these damages.

## SEVENTH CAUSE OF ACTION
## RETALIATION AND HARASSMENT
## BY PLAINTIFF AGAINST ALL DEFENDANTS

52. Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 51, inclusive, as if fully set forth herein.

-13-

53. All of the above-described acts, conduct and omission of Defendants in Paragraphs 1 through 52, inclusive, and each of them, was conducted with malice, hatred, ill will and reckless disregard for ascertaining the truth and to retaliate against Plaintiff.

54. As a direct and proximate cause of the unlawful conduct and actions alleged herein, Plaintiff suffered and continue to suffer severe emotional distress, humiliation, anxiety, credibility and loss of place in the society, the exact amount of which will be determined at trial.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE
## BY PLAINTIFFS AGAINST ALL DEFENDANTS

55. Plaintiffs refer to and incorporate by reference the allegations of Paragraphs 1 through 54, inclusive, as if fully set forth herein.

56. Defendants, and each of them, behaved negligently toward Plaintiff causing the Plaintiff to be injured.

57. As a result of the said negligence, Defendants, and each of them, are liable for Plaintiff's damages.


WHEREFORE, PLAINTIFF MICHAEL SALES, PRAY FOR JUDGMENT ON ALL CAUSES OF ACTIONS AGAINST THE DEFENDANTS AS FOLLOWS:

1.    For general damages in an amount according to proof;

2.    For medical expenses in an amount according to proof;

3.    For loss of earnings and earning capacity, according to proof;

4.    For punitive damages in an amount appropriate to punish Defendants, except Defendants County of Ventura and City of Thousand Oaks, for their wrongful conduct and as an example for others;

-14-

FIRST AMRNDED COMPLAINT FOR DAMAGES        CV 15-3101 PSG (PLAx)

5.   For reasonable attorneys' fees pursuant to Title 42 of the United State
     Code, Section 1988(b).

6.   For costs of suit herein incurred;

7.   For interest allowed by law; and

8.   For such other and further relief as the court deems just and proper.

Dated:  August 28, 2015              LAW OFFICES OF ETAN Z. LORANT

                                     By: _____
                                         ETAN Z. LORANT, Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

The Plaintiff in the above-entitled action requests a trial by jury pursuant to
Rule of the Federal Rules of Civil Procedure.

Dated:  August 28, 2015              LAW OFFICES OF ETAN Z LORANT

                                     By: _____
                                         ETAN Z. LORANT, Attorney for Plaintiff


-15-

FIRST AMRNDED COMPLAINT FOR DAMAGES     CV 15-3101 PSG (PLAx)